UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOHN SHAPIRO,

    Plaintiff,

    v.

JOY CAMPANELLI,

    Defendant.

Case No. 2:25-CV-564-GSL-APR

## OPINION AND ORDER

Plaintiff John Shapiro, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis on December 16, 2025. For the reasons set forth below, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Accordingly, Plaintiff's Complaint, [DE 1], is **DISMISSED**.

## DISCUSSION

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil

Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Plaintiff claims that Defendant "conspired with others, which violated Fourteenth Amendment Rights …. [and therefore,] demands $1 [m]illion …" [DE 1]. The Complaint contains only the legal conclusion just mentioned, and Plaintiff's signature. *See* [DE 1]. This is insufficient, even when construed liberally, to plausibly state a claim for relief. Therefore, since this suit lacks merit, the Court need not analyze Plaintiff's financial position at this time.

## CONCLUSION

Plaintiff's Motion to Proceed In Forma Pauperis, [DE 2] is **DENIED**. Plaintiff's Complaint, [DE 1], is **DISMISSED**.

SO ORDERED.

ENTERED: December 19, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court